**Lewis E. MELAHN, Missouri
Department of Insurance,
Appellant,**

v.

**Paul A. OTTO, Commissioner
Administrative Hearing,
Respondent.**

**No. WD 45856.**

Missouri Court of Appeals,
Western District.

Sept. 1, 1992.

Joseph R. McMahon, Mo. Div. of Ins., Jefferson City, for appellant.

Mitchell D. Jacobs, St. Louis, for respondent.

Before TURNAGE, P.J., and BRECKENRIDGE and HANNA, JJ.

HANNA, Judge.

A preliminary writ was granted by the circuit court upon motion of appellant, Lewis E. Melahn, Director of the Missouri Department of Insurance ("Director") against the respondent, Paul A. Otto, Commissioner of the Administrative Hearing Commission ("AHC"). The preliminary writ prohibited the AHC from hearing a claim for attorney fees. This is an appeal from the circuit court's order quashing the preliminary writ of prohibition which allowed the AHC to rule on a claim for attorney fees.

The Director filed a complaint with the AHC alleging that John R. Hutchings refused to allow the Director access to Mr. Hutchings' insurance company records after being served with a subpoena duces tecum. Mr. Hutchings filed an answer to the complaint and a motion to dismiss. At the same time, Mr. Hutchings served requests for admissions, production of documents and interrogatories. The Director did not respond to these discovery requests. Mr. Hutchings then filed a motion to compel plus additional discovery requests. Subsequently, Mr. Hutchings filed another motion to compel discovery along with a request for sanctions because of the Director's failure to respond. In the meantime, the Director filed a motion to dismiss its complaint against Mr. Hutchings and

requested that the complaint be dismissed without prejudice. The court granted the motion and dismissed the Director's complaint without prejudice.

Based on the dismissal, Mr. Hutchings filed an application for attorney fees pursuant to §§ 536.085 and 536.087 RSMo.[1] In response, the Director requested the Circuit Court of Cole County to issue a writ of prohibition against the AHC to prevent the hearing for attorney's fees from proceeding, contending the AHC did not have jurisdiction to hear the case. The court issued a preliminary writ of prohibition and AHC filed an answer and a Motion to Quash Preliminary Writ and to Dismiss Petition. Eventually, the court sustained the motion to quash which had the effect of allowing the AHC to hear Mr. Hutchings claim for attorney fees. The Director appeals the circuit court's order allowing the AHC to proceed with the hearing.

On appeal, the Director contends the AHC lacked jurisdiction to hear the matter because a dismissal without prejudice does not fall within the meaning of "prevails" as set forth in § 536.087.1. The Director continues its argument that if a dismissal without prejudice falls within the definition of "prevails," Mr. Hutchings did nothing to "obtain" a favorable result as required by § 536.085(3). It is the AHC's position that a dismissal without prejudice is a "favorable" result and that the term "obtain" requires only a minimal effort, if any, by the benefitted party.

The jurisdiction of the AHC to rule on applications for attorney's fees is granted by § 536.087.1, which states in part that "[a] party who *prevails* in an agency proceeding or civil action arising therefrom, brought by or against the state, shall be awarded those reasonable fees and expenses incurred by that party...." (Emphasis added). "Prevail" is defined in § 536.085(3) as *"obtains a favorable* order, decision, judgment or *dismissal* in a civil action or agency proceeding." (Emphasis added). Therefore, whether Mr. Hutchings

was a "prevailing party" in the underlying administrative hearing depends on whether he obtained a favorable decision and, if so, did he "obtain" the dismissal even though the Director filed a motion to dismiss its claim. *See* § 536.087.1.

When construing a statute, it is the court's purpose to ascertain the intent of the legislature from the language used and, if possible, to give effect to that intent. *Abrams v. Ohio Pacific Express.,* 819 S.W.2d 338, 340 (Mo. banc 1991). The language used is to be construed based on the plain and ordinary meaning of the words, which is generally derived from the dictionary. *Id.* When the terms used in the statute are plain and clear to a person of ordinary intelligence they are deemed clear and unambiguous. *Missouri Bd. for Architects Professional Engineers and Land Surveyors v. Earth Resources Eng'g, Inc.,* 820 S.W.2d 505, 508 (Mo.App. 1991); *Union Electric Co. v. Platte–Clay Elec. Co-op., Inc.,* 814 S.W.2d 643, 647 (Mo. App.1991).

As we have indicated, in order for the AHC to have jurisdiction, Mr. Hutchings must have been a prevailing party within the meaning of § 536.087.1. To be a prevailing party the dismissal must be "favorable." § 536.085(3). Because there are no Missouri cases interpreting § 536.085(3), guidance can be found in the Equal Access to Justice Act ("EAJA"). *See* Title 28 U.S.C.A. § 2412 (1982). The Missouri law is patterned after the EAJA and both statutes require state agencies to carefully scrutinize agency and court proceedings. *State Bd. of Registration for Healing Arts v. Warren,* 820 S.W.2d 564, 565 (Mo. App.1991).

Although the EAJA does not define the term "prevailing party," the United States Supreme Court has interpreted its meaning under similar fee shifting statutes as follows:

> [P]laintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the

---

1. All statutory references are to the Revised Statutes of Missouri Cumulative Supplement 1989, unless otherwise indicated.

benefit the parties sought in bringing suit.

*Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983).

The legislative history of the EAJA tells us the term "prevailing party" should not be limited "to a victor only after entry of a final judgment following a full trial on the merits." H.R.Rep. No. 1418, 96th Cong., 2nd Sess. 11 (1980), *reprinted in* 1980 U.S.C.C.A.N. 4953, 4984, 4990. A party will be deemed prevailing if he obtains a settlement of his case; if the plaintiff has sought a voluntary dismissal of a groundless complaint; or even if he does not ultimately prevail on all issues. Id. The 8th Circuit Court of Appeals adopted this standard of a prevailing party in *United States for Heydt v. Citizens State Bank,* 668 F.2d 444 (8th Cir.1982).

When defending a claim brought by the government, the 8th Circuit Court of Appeals further defined the EAJA standard of a "prevailing party" as not stringent, but the definition did require a plaintiff to receive *some relief* on the merits of his claim to be a prevailing party. *S.E.C. v. Comserv Corp.,* 908 F.2d 1407, 1412 (8th Cir.1990). (Emphasis added). In *S.E.C.,* a corporate officer filed for attorneys fees under the EAJA after the Securities Exchange Commission's action for an injunction against him was dismissed on the officer's motion. *Id.* at 1410. In applying the EAJA standard for "prevailing party," the court found that achievement of the "sought for result" by the party is the controlling factor of determination. *Id.* at 1413.

Such an interpretation of "prevailing party" has found support in other courts which have held that:

> When the case ends before a final judgment is reached, a party may be deemed a prevailing party if it establishes 'some sort of clear, causal relationship between the litigation brought and the practical outcome realized.'

*Oregon Environmental Council v. Kunzman,* 817 F.2d 484, 497 (9th Cir.1987) (quot-

ing *Greater Los Angeles Council on Deafness v. Community Television,* 813 F.2d 217, 220 (9th Cir.1987)).

We also find "prevail" defined in our malicious prosecution actions. In those cases our courts have found that one party may "prevail" based on a dismissal without prejudice. *See Shinn v. Bank of Crocker,* 803 S.W.2d 621, 626 (Mo.App.1990).[2]

■ Mr. Hutchings benefitted by the Director's dismissal even though it was without prejudice because he no longer had to defend against this particular action. It was a favorable conclusion for the defendant. On the other hand, no presumption should be raised that the state's position was not substantially justified simply because it lost the case. *United States for Heydt,* 668 F.2d at 447. The AHC's decision should allow for the state to advance in good faith a novel but credible extension and interpretation of the law which is a necessary part of vigorous law enforcement. *Id.* at 448; *H.R.Rep. No.* 1418. The policy behind the law is to discourage frivolous actions by the state and to encourage meritorious defenses against such actions. If the Director's position were accepted, the state agency could always defeat the remedial purpose of the statute by simply dismissing its cause of action without prejudice before a determination of the merits. That interpretation would circumvent the purpose of the statute since the defendant would remain burdened with defense costs incurred before the dismissal. The result here is that the AHC has jurisdiction to hear applications for attorney's fees and expenses when the applicant has received a dismissal of the underlying action, whether the dismissal is with or without prejudice.

■ For Mr. Hutchings to establish himself as the prevailing party does not necessarily guarantee an award of expenses and fees. An applicant for expenses and fees must allege and prove that his financial net worth did not, at the time the action was initiated, exceed the dollar figure nor did the business exceed the number of employees set forth in § 536.085(2)(a) and (b).

---

**2.** This termination in favor of the defendant is limited to situations where the party who initiated the suit manifests an intent to abandon it.

The moving party must also allege the amount sought, and that the state's action was not substantially justified. § 536.-087.3. The burden then falls upon the agency to prove its claim or defense was substantially justified or constituted a special circumstance. The AHC provides a forum where both parties can offer evidence to explain their positions. *See* § 536.087. At the hearing, the Director will have the opportunity to establish that filing the complaint was "substantially justified or that special circumstances make an award unjust," and if so found, the state may avoid any payment of attorney's fees. *See* § 536.087.1.

■ The final issue is whether Mr. Hutchings "obtained" a favorable result within the meaning of § 536.085(3). "Obtain," in its simplest form, means "to get possession of ... to arrive at; to reach; to achieve...." Webster's Dictionary of the English Language, Unabridged 1236 (Encyclopedia Ed.1977). The fact Mr. Hutchings responded to the petition, filed a motion to dismiss, served the Director with discovery requests, filed motions to compel discovery with a request for sanctions, and received a favorable ruling, amply satisfies the requirements of the term "obtains" in the statute. The Director's argument that the dismissal was voluntary and not in response to any action on the part of Mr. Hutchings is not persuasive. The point is denied.

The order of the circuit court, quashing the preliminary writ of prohibition is affirmed.

All concur.