**ST. JOSEPH STATE HOSPITAL,**
**Appellant,**

v.

**Stanley SOLIDAY, Respondent.**

**No. WD 47052.**

Missouri Court of Appeals,
Western District.

Aug. 10, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 28, 1993.

Mary Stewart Tansey, Gen. Counsel, Dept. of Mental Health, Jefferson City, for appellants.

Martin M. Bauman, St. Joseph, for respondent.

Before BRECKENRIDGE, P.J., and KENNEDY and LOWENSTEIN, JJ.

LOWENSTEIN, Judge.

This appeal involves an administrative decision of the Missouri Personnel Advisory Board (Board) that denied the Respondent Stanley Soliday's request for attorney's fees under § 536.087, RSMo Cum.Supp.1992. The circuit court reversed the Board's decision and awarded attorney's fees to Soliday. The appellant, St. Joseph State Hospital (Hospital), appeals.

The case developed because the Hospital discharged Soliday from employment. Soliday challenged the dismissal. In his hearing before the Board, Soliday prevailed on the issue of the discharge, but the Board did not allow him attorney fees under § 536.-087. Under the statute, "[a] party who prevails in an agency proceeding or civil action arising therefrom, brought by or against the state, shall be awarded those reasonable fees and expenses incurred by that party in the civil action or agency proceeding, unless the court or agency finds that the position of the state was *substantially justified* or that special circumstances make an award unjust." (emphasis added). Under subsection 3 of the statute, to receive an award of attorney's fees, the prevailing party must show the State's action was not "substantially justified." The mere fact the State lost does not create a presumption of lack of substantial justification on behalf of the State. In subsection 7, a party who is dissatisfied with the agency (here the Board) determination of fees may appeal to the appropriate circuit court. Soliday did just that and the court ruled in his favor. The Hospital, as appointing authority, appeals the decision of the circuit court.

The Hospital is a state institution controlled by the Department of Mental Health. Soliday started working at the Hospital in 1986. In March 1990, Hospital officials discharged Soliday from his position as Coordinator of Treatment Services. The officials cited as reasons for the discharge repeated failure to carry out work, tardiness, absence from duty station, insubordination, willful violation of policy and reporting to work while under the influence of alcohol. Because of tardiness on February 28, 1990, which followed several reprimands for tardiness, the Hospital notified Soliday he could resign or receive a demotion. Soliday chose to resign effective October 1, 1990, with administrative leave during the interim. On the same day, February 28, a co-worker noticed the odor of alcohol on Soliday's breath. Despite his resignation on February 28, the Hospital terminated Soliday effective March 9. In November 1990, the Board disapproved the dismissal. The Board ordered the Hospital reinstate Soliday to his former position until October 1, 1990, "the effective date of his resignation." Soliday and the Hospital appealed to circuit court. The court affirmed the reinstatement, reversed the finding of a resignation, and remanded the case back to the Board to determine Soliday's lost salary. No appeal arose from this judgment.

On remand, Soliday made a § 536.087 application for attorney fees. The Board found Soliday had incurred fees and expenses of $21,512.22 in connection with the action. In addition, the Board found the sum reasonable

for the time and services rendered. The Board also found the Hospital had properly investigated the charges leading to dismissal. Although the Hospital presented evidence that would support the Board finding the dismissal was substantially justified in the attorney fee action, during the dismissal portion of the hearing, the Board instead believed Soliday's evidence. Because the Board concluded during the attorney fees portion of the hearing the Hospital was substantially justified in taking the disciplinary action, it denied Soliday's application for attorney fees.

The circuit court judgment found in favor of Soliday and noted that the Board had made an erroneous application of the law and the Board's decision on fees contradicted its earlier opinion.

█ In the sole point on appeal, the Hospital asks this court to reinstate the Board's decision on fees as being supported by competent and substantial evidence, not arbitrary, and not contrary to the law. § 536.-087.7. The matter under review regards a decision on attorney fees and costs. This court may only reverse the decision if the failure to make such an award was arbitrary and capricious, unreasonable, unsupported by competent and substantial evidence or was made contrary to law or in excess of agency jurisdiction. § 536.087.7 Subsection 7 provides for the standard of judicial review of an agency decision, and is similar to the statutes pertaining to judicial review of all other contested agency decisions. Section 536.087 provides a prevailing party may recover reasonable fees and expenses in certain types of cases from a state appointing authority, unless the state's position was substantially justified or special circumstances exist, to make such an award unjust. This statute is patterned after the Federal Equal Access to Justice Act, 28 U.S.C. § 2412 (1982), and our law "has as its purpose to require the state agencies to carefully scrutinize agency and court proceedings. It is designed to increase the accountability of the administrative agencies." *State Bd. of Registration for the Healing Arts v. Warren*, 820 S.W.2d 564, 565 (Mo.App.1991); *Melahn v. Otto*, 836 S.W.2d 525, 527 (Mo.App.1992). "Congress passed the Act to encourage relatively impecunious private parties to challenge abusive or unreasonable government behavior by relieving such parties of the fear of incurring large litigation expenses. *United States v. 1,378.65 Acres of Land*, 794 F.2d 1313, 1314–15 (8th Cir.1986). The term substantially justified, "... is not 'justified to a high degree,' but rather, 'justified in substance or in the main'—that is justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988). In other words, there must be a "reasonable basis both in law and fact," for the government's action. *Id.* Under federal law, the government must bear the burden to defeat the claim for fees and costs "not merely that its position was marginally reasonable; its position must be clearly reasonable, well founded in law and fact, solid though not necessarily correct." *United States v. 1378.65 Acres*, 794 F.2d at 1318; *Foley Constr. Co. v. U.S. Army Corps of Engr's*, 716 F.2d 1202, 1204 (8th Cir.1983) cert. denied 466 U.S. 936, 104 S.Ct. 1908, 80 L.Ed.2d 457 (1984), reh'g denied 467 U.S. 1246, 104 S.Ct. 3525, 82 L.Ed.2d 832 (1984). There must be an indication the defendant "lacked good faith in taking its position in this litigation." *Savage v. Toan*, 636 F.Supp. 156, 157 (W.D.Mo.1986). As is the case in the Missouri statute, the federal act does not advance a presumption in favor of the litigant just because the case is settled or concludes in the favor of the government. *Teramoto v. Bowen*, 771 F.Supp. 292, 294 (E.D.Mo.1991); § 536.087.3.

This court's review is "based solely on the record made before the agency ..." § 536.-087.7. The extensive record of the underlying case and the dismissal was examined by the Board in making its decision and denying fees. The order appealed from gave detailed findings on each of the six grounds propounded by the agency as grounds for dismissal. As an example, one issue was Soliday's unauthorized absence from his duty station. The Board found that Soliday and the hospital superintendent met to discuss Soliday's failure to complete work assignments. After the meeting, Soliday suffered from a headache. He directed his secretary to inform the superintendent's secretary he

was going home for the day, and left. Soliday was officer of the day and responsible for any emergency if the superintendent was unavailable. The superintendent paged Soliday. He asked Soliday to return to the hospital because he had not received prior permission to leave for illness.

Again by way of example, as to the ground of alcohol on the job, the Board located a co-worker who noticed and reported an odor of alcohol on Soliday. Soliday was tested on the job and found to have ".06" at "10:50 a.m.," but was not found to be impaired.

In concluding against the award of fees, the Board said: "After considering all of the evidence, the Board finds that the action of the Appointing Authority in dismissing the appellant was taken after investigating, marshalling evidence, and concluding that the charges made against the Appellant were true. The record of evidence received by the Board contained competent and substantial evidence to support each of the charges. The Board's findings in favor of the appellant's contentions rested on its evaluation of weight and credibility for items of conflicting evidence. The available evidence in favor of the appellant's contentions was not so overwhelming that the Appointing Authority could not have concluded in good faith, at the time of the dismissal, that the charges were true and that dismissal from employment would serve the good of the service."

In its judicial review, the circuit court found the Board's decision to be an erroneous application of the law. If this were an erroneous application of the law, review of the agency action would be "for the independent judgment of the reviewing court." *Morton v. Brenner,* 842 S.W.2d 538, 540 (Mo. banc 1992); *Burlington N.R.R. v. Director of Revenue,* 785 S.W.2d 272, 273 (Mo. banc 1990). There was no error in application of the law. The Board relied on evidence showing the Hospital was substantially justified in pursuing the case.

■■■ Under the standard of judicial review, this court reviews the Board's decision on fees on the basis of whether or not the conclusion of substantial justification was unsupported by competent and substantial evidence, was arbitrary and capricious, or un-

reasonable. § 536,087.7. The Board's decision on the issue of fees was supported by competent and substantial evidence. The fact the Hospital was thwarted in its attempt to dismiss Soliday does not carry the day. Soliday may not now claim the main witness against him, the superintendent, "was biased against him" so to deprive the underlying action of substantial justification. It is not possible to conclude from the record that St. Joseph State Hospital's position in the administrative and judicial proceedings was unreasonable. Under *Pierce,* substantially justified means "justified to a degree that could satisfy a reasonable person." *Pierce,* 487 U.S. at 565, 108 S.Ct. at 2550. As to the strength of whether the Hospital's case against Soliday was substantially justified, the Hospital did not have to demonstrate a large amount of evidence as long as justified in substance or in the main. *Kuhns v. Board of Governors of Fed. Reserve Sys.,* 930 F.2d 39, 43 (D.C.Cir.1991). This was a close case which, in itself, is evidence of substantial justification. *Brouwers v. Bowen,* 823 F.2d 273, 276 (8th Cir.1987). The government's position in this "borderline case" was consistent, not against prevailing law, nor unduly lengthy and did not ignore overwhelming contrary evidence. *Foley Constr. Co. v. U.S. Army Corps of Engrs.,* 716 F.2d 1202, 1204 (8th Cir.1983), *cert. denied,* 466 U.S. 936, 104 S.Ct. 1908, 80 L.Ed.2d 457 (1984). The Board decided the Hospital was reasonable, substantially justified, in pursuing the dismissal. The court cannot change the decision because it was supported by competent and substantial evidence and not arbitrary, capricious or unreasonable.

The judgment is reversed and the cause remanded to the circuit court with directions to reinstate the order of the Board denying fees. Respondent Soliday's request for additional fees on appeal and damages for frivolous appeal under Rule 84.19 are denied.