Nelson L. WHITE, D.V.M., Appellant,

v.

MISSOURI VETERINARY MEDICAL
BOARD, et al., Respondent.

No. WD 50376.

Missouri Court of Appeals,
Western District.

July 25, 1995.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 29, 1995.

Application to Transfer Denied
Oct. 24, 1995.

John David Landwehr, Jefferson City, for
appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Kurt
P. Valentine, Asst. Atty. Gen., Jefferson City,
for respondent.

Before FENNER, C.J., and
BRECKENRIDGE and SMART, JJ.

FENNER, Chief Judge.

This is an appeal by Nelson L. White,
D.V.M., from the judgment of the Circuit
Court of Cole County affirming the decision
of the Administrative Hearing Commission
("AHC") finding that appellant was not a
"prevailing party" in the underlying litigation
because he did not obtain a favorable order,
decision, judgment or dismissal of the under-
lying action and, therefore, was not entitled
to an award for attorneys' fees and expenses
in the matter pursuant to section 536.087.1,
RSMo 1994.[1]  We affirm.

---

1. All references to Missouri statutes are to the
Missouri Revised Statutes, 1990 supplement, un-
less otherwise indicated.

The underlying case involved an administrative complaint filed by the Missouri Veterinary Medical Board (the "Board"), against respondent, seeking a determination that appellant's veterinary license was subject to discipline based on the findings of an investigation of the Joplin Regional Stockyards, where appellant was the market veterinarian, conducted by the United States Department of Agriculture. Allegations by Valerie Earl, a technician working for appellant with whom appellant had what is characterized as an "acrimonious" relationship, served as part of the impetus for the Department of Agriculture's investigation.

The complaint filed by the Board alleged that appellant discarded four blood samples of animals he concluded were too young to test for brucellosis after Ms. Earl allegedly concluded the animals exhibited positive test results for the disease and that appellant changed the initial test records to reflect his opinion; that appellant conducted brucellosis tests without his glasses and reported negative results, though he was unable to accurately read the results, thereby failing to properly guard against the spread of the disease; that appellant failed to comply with regulations requiring the individual listing of animals on a health certificate; that appellant declared a heifer too young for testing for brucellosis only after the state laboratory issued a discrepancy finding between its results and a negative test reported by appellant; that appellant labeled a bull "too wild to test" and allowed the bull to exit the stockyard untested; that appellant allowed two heifers to enter the sale ring without having been tested for brucellosis; that there were numerous clerical errors in appellant's records; that appellant improperly allowed his son to sign his test charts; and that appellant improperly allowed brucellosis infected animals to leave the stockyards by substituting samples of blood. After a full hearing, the Board prevailed on the charges that White falsified the test records of the four heifers he labeled too young to test after Ms. Earl reported positive results and that appellant had failed to accurately report test results when reading the brucellosis tests without his glasses.

The AHC found appellant's actions to constitute misconduct, gross negligence, fraud, misrepresentation, dishonesty, and incompetency, and that cause existed to discipline appellant's license under section 340.125. After a disciplinary hearing, the Board revoked appellant's license.

Appellant subsequently filed this complaint with the AHC seeking a determination that the Board was responsible for appellant's attorneys's fees and expenses incurred while defending against the charges that the Board did not prevail upon. Appellant contended that because he prevailed on certain "issues" and one count of the complaint, he was entitled to an award for his fees and expenses associated with those issues as a "prevailing party" pursuant to sections 536.085 and 536.087.1. The Board contended that appellant did not "prevail" because he did not receive a favorable order, decision, judgment or dismissal of the underlying claim as defined in section 536.085(3); instead, cause for discipline was found and appellant's license was eventually revoked as a result, clearly indicating appellant did not "prevail" in the underlying action.

After a hearing, the AHC issued its decision on March 5, 1993 denying appellant's claim for attorney's fees and costs. The Circuit Court of Cole County affirmed the decision of the AHC on appeal on November 1, 1994. This appeal ensued.

## I. STANDARD OF REVIEW

The standard of review for action such as the one presented in this case is specifically set forth in section 536.087.7:

The reviewing or appellate court's determination on any judicial review or appeal heard under this subsection shall be based solely on the record made before the agency or court below. The court may modify, reverse or reverse and remand the determination of fees and other expenses if the court finds that the award or failure to make an award of fees and other expenses, or the calculation of the amount of the award, was arbitrary and capricious, was unreasonable, was unsupported by competent and substantial evidence, or was made

contrary to law or in excess of the court's or agency's jurisdiction.

This court is bound to the application of this standard in the case at bar.

## II. WAS APPELLANT, DR. NELSON WHITE, A "PREVAILING PARTY" IN THE UNDERLYING LITIGATION?

Section 536.087.1 provides the following with regard to awards for reasonable fees and expenses in civil actions or agency proceedings:

> A *party who prevails* in an agency proceeding or civil action arising therefrom, brought by or against the state, shall be awarded those reasonable fees and expenses incurred by that party in the civil action or agency proceeding, unless the court or agency finds that the position of the state was substantially justified or that special circumstances make an award unjust. (emphasis added).

There is no dispute that appellant was a "party" as defined by section 536.085(2). The crux of the dispute at hand, however, is whether appellant "prevailed" in the underlying action. A party "prevails" when they obtain a favorable order, decision, judgment, or dismissal in a civil or agency proceeding as defined by § 536.085(3). The question is whether appellant can be considered a "prevailing party" when, though he succeeded in defending against several of the allegations made by respondent, the ultimate decision in the underlying action was that cause was found to discipline appellant's veterinary license—the outcome sought by the respondent Board.

■ The Missouri statutes in question are patterned after the Federal Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (1982). The purpose of this law is to require agencies to carefully scrutinize agency and court proceedings and to increase accountability of the administrative agencies. *St. Joseph State Hosp. v. Soliday*, 861 S.W.2d 145, 147 (Mo.App.1993); *Melahn v. Otto*, 836 S.W.2d 525, 527 (Mo.App.1992); *State Bd. of Registration for the Healing Arts v. Warren*, 820 S.W.2d 564, 565 (Mo.App.1991). The law is designed to encourage relatively impecuni-

ous private parties to challenge abusive or unreasonable government behavior by relieving such parties of the fear of incurring large litigation expenses. *United States v. 1,378.65 Acres of Land*, 794 F.2d 1313, 1314–15 (8th Cir.1986); *St. Joseph State Hosp.*, 861 S.W.2d at 147.

■ Missouri courts have not addressed the specific issue of whether a defendant in appellant's situation is entitled to a fee and expense award. We therefore turn to federal jurisprudence interpreting the EAJA for guidance. The legislative history of the EAJA indicates that the term "prevailing party" is not limited "to a victor only after entry of a final judgment following a full trial on the merits." H.R.Rep. No. 1418, 96th Cong., 2d Sess. 11 (1980), *reprinted in* 1980 U.S.C.C.A.N. 4953, 4984, 4990; *Melahn*, 836 S.W.2d at 528. A party will be deemed prevailing if he obtains a settlement of the case; if the plaintiff has sought a voluntary dismissal of a groundless complaint; or even if he does not ultimately prevail on all issues. *Id.*

The United States Supreme Court offered its opinion on when a plaintiff who does not prevail on all the issues may receive an award for fees and expenses under the EAJA in *Texas State Teachers Ass'n v. Garland Indep. School Dist.*, 489 U.S. 782, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989). The Court resolved a conflict among the federal circuits in holding that if "the plaintiff has succeeded on 'any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit,' the plaintiff has crossed the threshold to a fee award of some kind." *Texas State Teachers Ass'n*, 489 U.S. at 791–92, 109 S.Ct. at 1493–94 (*quoting Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir.1978)). The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute. *Id.* at 792–93, 109 S.Ct. at 1493–94.

In light of the *Texas State Teachers Ass'n* decision, it is clear that a partially prevailing *plaintiff* may receive an award for fees and expenses pursuant to the EAJA. These principles should also apply to the Missouri

**756**

statutes in question. The question remains whether a partially prevailing *defendant* may receive an award for fees and expenses.[2]

Appellant discusses several cases in his brief that allegedly support his position that partially prevailing defendants are entitled to awards for fees and expenses, including *Alphin v. National Transp. Safety Bd.*, 839 F.2d 817 (D.C.Cir.1988), *Cinciarelli v. Reagan*, 729 F.2d 801 (D.C.Cir.1984), and *Martin v. Lauer*, 740 F.2d 36 (D.C.Cir.1984). We fail to find any significance in the *Cinciarelli* and *Martin* decisions with respect to this case, as they involve partial awards to prevailing *plaintiffs* where defenses pursued by the government were not substantially justified. There is no dispute that partial awards are contemplated by the EAJA and the Missouri statutes. There is also no dispute that a defendant who prevails in obtaining *all* relief sought in defense of a claim brought by the government may be entitled to an award for fees and expenses. *See S.E.C. v. Comserv Corp.*, 908 F.2d 1407, 1412 (8th Cir. 1990). The question is whether the appellant, who prevailed on some allegations but ultimately lost in the underlying action, is entitled to a fee award for the issues on which he prevailed.

The *Alphin* decision is related more to the case at bar than any other case cited by appellant. In *Alphin*, the National Transportation Safety Board ("NTSB") affirmed an FAA suspension of Alphin's inspection authorization certificate for forty five days for violations associated with the overhaul of two aircraft engines owned by Tri–State Airways. 839 F.2d at 821–822. Tri–State also filed suit against Alphin in state court where

the FAA inspector testified inconsistent with his testimony at the initial FAA and NTSB hearings. A new hearing was granted where the FAA again found a basis for suspension of the certificate. The NTSB reversed the suspension on appeal, finding that the FAA failed to prove its case given the unreliable nature of the inspector's report relied upon to bring the charges. *Id.* at 822. The court held that with regard to Alphin's application for fees and expenses, the NTSB should have examined each allegation to determine if the FAA was substantially justified in bringing the claims against Alphin, especially after the FAA learned of the questionable nature of the inspection report. *Id.* This analysis may be appropriate if appellant is, without question, a prevailing party. Unlike the case at bar, however, Alphin was clearly a prevailing party because no action was taken against his inspection certificate—the FAA failed to prove its allegations in its case.

After reviewing the underlying action, it is our view that the significant issue presented by the Board's claim against appellant is whether appellant's veterinary license was subject to discipline. Although the Board was not able to prove all of the factual allegations claimed as cause for discipline, appellant did not prevail on the significant issue of the underlying litigation. Further, the legal relationship of the parties was altered in the manner sought by the Board and opposed by appellant. Appellant cannot be considered a "prevailing party" for the purposes of sections 536.085(3) and 536.087.1.[3]

Further, we do not believe the general policies of the Missouri statutes support an award of fees and expenses to appellant in this matter. Appellant was not in the role of

---

**2.** The Board argues that *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978), requires appellant to show that the Board's actions in bringing and maintaining the action were frivolous, unreasonable, or without foundation, even though not in subjective bad faith, to merit an award for fees and expenses under the EAJA. *Christiansburg*, however, was a suit brought under Title VII. The EAJA does not apply to suits under Title VII, as the EAJA carves an exception to its authorization of fee awards against the United States where other statutes specifically provide otherwise as Title VII does. *E.E.O.C. v. Consolidated Service Systems*, 30 F.3d 58, 59 (7th Cir.1994). The EAJA standard is not as lenient as that under Title VII. *Bouterie v.*

*Commissioner of Internal Revenue*, 36 F.3d 1361, 1367 (5th Cir.1994). In any event, this analysis is pertinent to whether a justification is substantially justified, not whether someone is a prevailing party. Therefore, respondents contention that appellant must show respondents actions to be frivolous, etc., before becoming entitled to an award for fees and expenses is without merit.

**3.** This is not to say that there is only one significant issue in every case. A case may present many significant issues which might justify an award to the prevailing party on that issue. It is our opinion, however, that there was only one significant issue presented by the case at bar.

a "private attorney general" that some fee shifting statutes encourage, such as Title VII and Civil Rights legislation. Though the statute also seeks to encourage impecunious private parties to stand up to abusive government behavior, the Board can not be considered "abusive" in this matter as appellant's license was found to be subject to discipline after the extensive investigation into his practices at the Joplin Regional Stockyards. The Board succeeded in receiving the remedy it desired in bringing the claim. Appellant claims that he was subjected to a "shotgun" approach by the Board and incurred extensive fees in defending against unfounded and meritless allegations on which he prevailed, thereby entitling him to an award for his fees and expenses associated with such defense (overlooking the fact that the Board also incurred fees and expenses preparing its case surrounding the allegations). We do not condone the use of a "shotgun" approach by any state agency in bringing allegations against any individual; we also, however, do not believe the state is required to succeed on every allegation, regardless of the significance, or be subject to an award for fees and expenses even when the desired result of the litigation is ultimately achieved. General public policy and the purposes of the sections 536.085 and 536.087 are not served by awarding fees and expenses to a defendant who is sanctioned as a result of the underlying litigation.

Because appellant was not a "prevailing party" in the underlying action, he is not entitled to an award for fees and expenses pursuant to section 536.087.1. The finding of the AHC and the Circuit Court that the appellant was not a "prevailing party" was not arbitrary and capricious, was reasonable, was supported by competent and substantial evidence, and was not contrary to the law. We need not consider whether all of the allegations made by the state were substantially justified.

The judgment of the circuit court is affirmed.

All concur.