**GERIATRIC NURSING FACILITY, INC., d/b/a Manchester Nursing Home, Appellant,**

v.

**DEPARTMENT OF SOCIAL SERVICES, Respondent.**

**No. WD 36026.**

Missouri Court of Appeals, Western District.

May 7, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied July 2, 1985.

Application to Transfer Denied Aug. 7, 1985.

David L. Welsh, St. Louis, Cyril M. Hendricks, Jefferson City, for appellant.

Gregory W. Schroeder, Jefferson City, for respondent.

Before PRITCHARD, P.J., and SHANGLER and DIXON, JJ.

DIXON, Judge.

Geriatric appeals the dismissal, for lack of subject matter jurisdiction, of its petition for judicial review of an administrative determination. The dismissal was improper. Reversed and remanded.

The Department of Social Services determined administratively that Geriatric, a participating vendor in the Missouri Title XIX Medicaid program, had been overpaid $95,267.00 for Geriatric's 1979 cost year and underpaid $36,416.00 for its 1980 cost year. Geriatric appealed that determination to the Administrative Hearing Commission, stating any assessment of overpayment in excess of $2,061.00 was erroneous and accepting the Department's determination of a $36,416.00 underpayment. That determination was made pursuant to Section 208.156(2), (3), and (4) RSMo 1978.[1] In the Administrative Hearing Commission's decision, issued July 26, 1983, the 1979 overpayment was increased to $75,246.00.

On August 24, 1983, Geriatric filed its initial petition for judicial review in the Circuit Court of Cole County, naming as the defendant the Department of Social Services, and seeking "review pursuant to section 536.100 RSMo 1969 of the findings, actions, adjustments, disallowances, and decisions of defendant as aforesaid and a reversal thereof for the below-stated reasons...." In the body of the petition for review, Geriatric referred to the adjustments to the Department's decision made by the Administrative Hearing Commission. On September 1, 1983, the Department filed a motion to dismiss Geriatric's petition for lack of subject matter jurisdiction, which was denied on September 9, 1983. On September 9, 1983, Geriatric filed its first amended petition, naming both the Department and the Commission

---

**1.** All statutory references are to RSMo 1978    unless otherwise designated.

as defendants. The petition was filed more than thirty days after July 26 and, in our view of the case, that second petition need not be further noticed, since it reiterates the claims made in the first petition and the court would have had jurisdiction if the first petition were sufficient to confer jurisdiction.

A writ of prohibition was filed in this court and was denied. On February 10, 1984, the Department filed a second motion to dismiss for lack of subject matter jurisdiction. The motion was granted on June 4, 1984. It is this ruling by the trial court that is appealed by Geriatric. The trial court erred in sustaining the motion, as the first petition gave it subject matter jurisdiction, and the second petition did not defeat that jurisdiction.

The review procedure applicable to Medicaid providers before the Department of Social Services is set forth in Section 621.-055 RSMo Supp.1984 as follows:

Any person authorized under section 208.153, RSMo, to provide services for which benefit payments are authorized under section 208.152, RSMo, may seek review by the administrative hearing commission of any of the actions of the department of social services specified in subsection 2, 3, or 4 of section 208.156, RSMo. *The review may be instituted by the filing of a petition with the administrative hearing commission. The procedures applicable to the processing of such review shall be those established by chapter 536, RSMo.* The administrative hearing commission shall maintain a transcript of all testimony and proceedings in any review governed by this section, and copies thereof shall be made available to any interested person upon the payment of a fee which shall not exceed the reasonable cost of preparation and supply. *Decisions of the administrative hearing commission under this section shall be binding subject to appeal by either party.* If the provider of services prevails in any dispute under this section, interest shall be allowed at the rate of eight percent per annum upon any amount found to have been wrongfully denied or withheld. In any proceeding before the administrative hearing commission under this section the burden of proof shall be on the provider of services seeking review.

(Emphasis added). The parties have egregiously confused the issue to be decided in the case. The briefs have focused on the nature of indispensable parties, because of the attempt by Geriatrics to add the Administrative Hearing Commission as a party in the amended petition, and the application of Rule 55.33(c). None of these matters requires resolution on this appeal. The ultimate and dispositive issue is the role of the Administrative Hearing Commission in cases of this nature.

It is the core of the Department's position that the decision to be appealed is the Administrative Hearing Commission's decision and that a petition filed to review the "decision of the defendant (Department of Social Services) as 'adjusted' by the Administrative Hearing Commission" confers no subject matter jurisdiction upon the circuit court. Against a montage of well-recognized principles of administrative review, the Department seeks to cast the determination of the Administrative Hearing Commission in the form of a "different independent and subsequent decision." From this, the argument proceeds to assert that the original petition did not seek review of the final decision in a contested case because it referred to the actions of the Department, which the Department asserts were only determinations in a non-contested case not subject to judicial review. The whole thrust of the argument is that somehow the Administrative Hearing Commission becomes the administrative agency and that the Department's actions fall by the wayside.

The process described in Section 621.055 RSMo Supp.1984 is unique. Ordinarily, in contested cases before an administrative agency, some entity within the administrative agency conducts the hearing. It may be a hearing officer, in which case the Board or agency head can follow or depart

from the hearing officer's findings and enter the agency's final determination on the record made before the hearing officer. Typical of this administrative format are proceedings in Workers Compensation. *See*, Chapter 287 RSMo 1978. In some schemes of administrative action, an official makes a decision, which, upon request, is heard by the agency's governing board as a contested case. Elucidating this scheme are proceedings before the State Bank Board. *See* Chapter 361 RSMo 1978. In either event, the final action in a contested case is the administrative agency's action and it is required to be subject to judicial review by Mo. Const. Art. V, Section 18. Under Section 621.055 RSMo Supp.1984, the action Administrative Hearing Commissioner's action becomes the final action and the Department of Social Services does not ratify, confirm, or have any voice in that final determination.

It is this notion of the finality of the Administrative Hearing Commission's order with no further review or action by the administrative agency, that the Department urges makes the Administrative Hearing Commission's action an independent, subsequent action that is to be reviewed by the Circuit Court. However, the Department, and not the Administrative Hearing Commission, is the executive branch agency that the legislature has directed to determine the issue. Section 208.-156. The administrative action Geriatric is entitled to have reviewed in the courts is the Department's action as required by the statute. If Section 621.055 RSMo Supp. 1984 did not require a hearing before the Administrative Hearing Commission, Geriatric would be entitled at least to court review of a non-contested case. Section 536.150.

The Administrative Hearing Commission is not a "super" administrative agency. In this case, it is simply a hearing officer who exercises the same role as any administrative hearing officer authorized to hear contested cases within an agency. The Administrative Hearing Commission does not become a party to the case and it cannot respond, as in this case, to pay to or collect

from Geriatric. It simply determines, on evidence heard, the administrative decision of the agency involved. The Administrative Hearing Commission decision becomes the administrative action of the Department. While it is true that the Department may also appeal if it is aggrieved by the Administrative Hearing Commission's decision, this is no different than analogous situations where hearing officers within agencies are statutorily provided.

Reflection upon the appellate process at both the circuit court level and here demonstrates the soundness of this analysis. The Administrative Hearing Commission has no role as a "party" on appeal in either forum. It is the agency and the outside party who contend for their respective positions. From the decision, either the agency or the affected party may appeal, and the Administrative Hearing Commission has no part in that review.

■ The legislative history of the statutes in question provides further support for this view. The original legislative purpose for the creation of the Administrative Hearing Commission was to provide a method for unbiased administrative review of actions of the various licensing boards included in the original enactment. *See*, Section 161.252–.272 RSMo 1969. There was no legislative intent to make the Administrative Hearing Commission an administrative agency in the usual sense of the term. No expertise was involved except the commissioners' expertise as lawyers, in presiding at contested hearings and providing findings of fact and conclusions of law to guide licensing boards in proceedings relating to licensure. Although the initial legislation was resisted by some agencies, it has become an accepted procedure. Special Project, *Fair Treatment for the Licensed Professional: The Missouri Adm. Hearing Comm.*, 37 Mo.L.Rev. 410 (1972). Recognizing the Administrative Hearing Commission's hearing skills in contested license cases, it is not surprising that the legislature has chosen to provide hearings in other contested cases before

the Administrative Hearing Commission. *See, Report of the Select Senate Committee on Administrative Rule Making,* 78th Gen.Assem. 11 (1975). The present case arises under amendments adopted by the Laws of 1978, p. 441 et seq.

There is no hint that the legislature, in any case where the Administrative Hearing Commission has been designated to hear contested cases, intended that the Administrative Hearing Commission be anything other than a hearing officer for the affected agency.

Section 621.145 expressly provides: "For purposes of review, the action of the commission and the order, if any, of the agency shall be treated as one decision." The statute was originally enacted when its application was only to licensing disputes. However, that section was reenacted at the same time the Legislature provided for review by the Administrative Hearing Commission, of Medicaid providers' disputes. It must be presumed that the legislature intended it to affect all matters before the Administrative Hearing Commission. This further supports the analysis that the decision to be reviewed by the Circuit Court is both the administrative action and the adjustments or changes, if any, made by the Administrative Hearing Commission.

In *State Tax Commission v. Administrative Hearing Commission,* 641 S.W.2d 69 (Mo. banc 1982), the court held the provisions of Section 161.333, providing for a power in the Administrative Hearing Commission to enter declaratory judgments as to administrative matters, unconstitutional as an improper exercise of judicial power by an executive agency.

The court, in discussing the Administrative Hearing Commission's role, said

> Historically, then, the Administrative Hearing Commission was created as an adjunct executive agency to exercise independent and impartial decisionmaking authority in disputes between agencies and those persons affected by their actions.

*Id.* at 75. Conceding that this "adjunct" function was a proper exercise of a quasi-judicial power, even though the Administrative Hearing Commission sometimes determined "purely legal questions," the court concluded that the independent role of the Administrative Hearing Commission to declare valid or invalid rules and regulations by declaratory judgment was a "purely judicial function."

The department's argument contravenes the rationale of *State Tax Commission v. Administrative Hearing Commission* because to accept the position that the Administrative Hearing Commission's determination is a separate, subsequent, and independent determination would place the Administrative Hearing Commission in a position equivalent to a circuit court reviewing a noncontested case from an administrative agency and thus exercising judicial power.

■ The action to be reviewed is the administrative agency's (the department's) action, as modified by the Administrative Hearing Commission. The circuit court plainly had jurisdiction of the subject matter upon the filing of the original petition seeking review in those terms. The motion to dismiss should have been overruled. The court should, on proper motion, remove the Administrative Hearing Commission as a party and proceed to provide judicial review on Geriatric's petition of the Department's action, as modified by the Administrative Hearing Commission.

Reversed and remanded with directions to reinstate Geriatric's petition for administrative review.

All concur.