Robert **BAER**, President, John Frank, Vice-President, James Mossbacher, Purchasing Member and Vincent Schoemehl, Jr., Ex Officio Member in Their Official Capacity as Members of the Board of Police Commissioners City of St. Louis, Appellants,

v.

**CIVILIAN PERSONNEL DIVISION, ST. LOUIS POLICE OFFICERS ASSOCIATION and Patricia Smith, Individually and as Respresentative, Respondents.**

No. WD 37439.

Missouri Court of Appeals, Western District.

July 22, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 28, 1986.

Paul J. Schroeder, Jr., St. Louis, for appellants.

Bruce S. Feldacker, Bruce C. Cohen, St. Louis, for respondents.

Before CLARK, C.J., and NUGENT and GAITAN, JJ.

CLARK, Chief Judge.

This is a labor collective bargaining case in which the St. Louis Police Officers Association sought to be and was certified by the State Board of Mediation as the exclusive bargaining representative for civilian employees of the St. Louis Metropolitan Police Department. The Board of Police Commissioners petitioned for judicial review of the decision. On motion by the Association, the case was dismissed by the Cole County Circuit Court on the ground that the Board of Mediation was a necessary party to the case, but it had not been named as a defendant in the petition for review. The Police Commissioners appeal. Reversed.

The case at issue began April 2, 1984 when the Association filed with the Mediation Board its petition seeking certification as exclusive bargaining agent in accordance with § 105.525, RSMo. 1978.[1] The Board conducted a hearing June 25, 1984 and issued its decision February 4, 1985 finding the bargaining unit to be appropriate and on April 8, 1985 announced its decision that the Association had majority representative status. The Police Commissioners filed their petition for review in the circuit court May 6, 1985. The petition was

timely and generally in conformity with §§ 105.525, 536.100 and 536.110 which are applicable in such cases. The members of the Board of Police Commissioners were shown as plaintiffs. Defendants were the Civilian Personnel Division, St. Louis Police Officers Association and Patricia Smith, president of the Division. The Board of Mediation was not named as a party.

The Association thereafter moved to dismiss the petition on the ground that the Board of Mediation was a necessary and indispensible party to the action for review of its decision. Because the time had then expired to commence anew the administrative review suit naming the proper parties, the Association contended it was entitled to a dismissal under Rule 52.04(b). The trial court agreed, the petition was ordered dismissed and this appeal followed.

In the first and dispositive point raised in the Police Commissioners' appeal, they contend that the Board of Mediation was not a necessary party to the review petition because in this case, the Board acted merely as a neutral fact finder with no interest in the outcome of the litigation. We agree.

The State Board of Mediation is given authority by § 105.525 to resolve employer-employee disputes including the appropriateness of bargaining units and majority representative status in the public work sector. The Board consists of five members appointed by the Governor and is an agency of the Department of Labor and Industrial Relations. Section 295.030. One of the primary purposes of the legislation establishing the Board of Mediation is to provide a forum for resolution of contests between the employer and the proposed bargaining representative as to the composition of the bargaining unit and majority representative status. *City of Kirkwood v. Missouri State Board of Mediation*, 478 S.W.2d 690, 697 (Mo.App.1972). The Board performs a fact finding function in resolving these issues. *City of Columbia v. Missouri State Board of Mediation*, 605 S.W.2d 192, 194 (Mo.App.1980). The

---

1. All statutory references are to RSMo.1978.

contestants in cases before the Board are the employer and the proposed majority employee representative. The Board occupies the position of a neutral fact finder and has no stake or interest in the outcome of the litigation.

The function of the State Board of Mediation in cases which involve the determination of bargaining units and majority status is analogous to the role of the Administrative Hearing Commission as discussed in *Geriatric Nursing Facility, Inc. v. Department of Social Services*, 693 S.W.2d 206 (Mo.App.1985). It is there said that the Commission is merely a hearing officer having no status as a "party" on appeal. It is the agency and the outside party who contend for their respective positions. Either the agency or the affected party may appeal and the Commission has no part in that review. *Id.* at 209.

The Board of Mediation is by the nature of its statutory function intended to be impartial in hearing and adjudging the cases which come before it. Were it deemed to be a necessary party to judicial review of its own decisions, its quasi-judicial function rooted in impartiality would be impaired because it would then become a partisan advocate.

The general statutory scheme of delegating some administrative and decisional authority to executive agencies provides for those cases in which the agency serves a function greater than that of a neutral fact finder. Thus, for example, the statute expressly provides that the Division of Employment Security is a necessary party on judicial review of its decisions. Section 288.210. Absent such a requirement imposed by the legislature, the administrative agency is not a party to litigation as the term is customarily used. *State v. Donnelly*, 365 Mo. 686, 285 S.W.2d 669, 677 (1956); *Kansas City v. Reed*, 546 S.W.2d 727, 731 (Mo.App.1977). In the case of the Board of Mediation, none of the applicable statutes indicate that the Board is to be a litigant on judicial review of a bargaining unit decision.

The only role of the Board of Mediation in the present case was as a neutral fact finder and, under the authorities and analysis discussed above, the Board was not a necessary party to judicial review. The circuit court erred in finding the Board to be a necessary party under Rule 52.04(b) and in imposing the penalty of dismissal. The motion to dismiss should have been overruled.

The judgment is reversed and the case is remanded with directions to reinstate appellant's petition.

All concur.