

# SUPREME COURT OF MISSOURI
## en banc

| | | |
|---|---|---|
| MEAGAN GARLAND, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | No. SC94230 |
| | ) | |
| JEFFREY RUHL, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| STATE OF MISSOURI, | ) | |
| DEPARTMENT OF SOCIAL SERVICES, | ) | |
| FAMILY SUPPORT DIVISION, | ) | |
| | ) | |
| Respondent. | ) | |

### APPEAL FROM THE CIRCUIT COURT OF ST. CHARLES COUNTY
The Honorable John P. Banas, Judge

*Opinion issued February 3, 2015*

The Family Support Division ("FSD") entered an administrative child support order in an action between Meagan Garland ("Mother") and Jeffrey Ruhl ("Father"). Mother sought judicial review of that order and, before that matter was decided, she and Father settled on terms more favorable for Mother than the FSD order. After the trial court entered judgment on the basis of the settlement terms, it dismissed Mother's petition for judicial review as moot. Mother then filed an application to have FSD pay

her attorney fees under section 536.087.[1]  The trial court dismissed her application, and this Court affirms.

## Background

Before evaluating Mother's claim for attorney fees under section 536.087, it is necessary to review Missouri's statutory scheme for child support enforcement and the role FSD plays in that process.  The obligation to provide for one's children comes not from statute but from common law.  *State v. Reed*, 181 S.W.3d 567, 570 (Mo. banc 2006) ("support of one's children involves the discharge of one of the most basic responsibilities that a person assumes as a member of society").  For this reason, "[e]very parent has a legal obligation to provide for his or her children regardless of the existence of a child support order."  *Id.*  Each parent has a right to have the other parent's support obligation determined in a civil action and to have that obligation entered as a judgment against the parent owing support.

In some cases, parental support is not provided (or not adequate) and the state provides "public assistance" (as defined by section 454.460(12)) to help support the child.  Any parent who is absent from the home at the time the state provides this must repay the state the amount of that assistance.  § 454.465.1.  This is called that parent's "state debt."  *Id*.  If a parent with a state debt already has been ordered to pay support for the child, the state is entitled to receive those support payments until the state debt is

---

[1]  Unless otherwise indicated, all statutory citations are to the Revised Statutes of Missouri, as amended though the Cumulative Supplement 2013.

paid.  § 454.465.1(1).[2]  If there is no existing support order, FSD may issue a "notice and finding of financial responsibility" ("NFFR") pursuant to section 454.470.  As its name suggests, the NFFR serves only as notice of a proposed order to establish (among other things) the amount of future support the parent must pay as well as the amount of the state debt already accrued and the payment to be made toward that debt.  § 454.470.1.  If either parent raises a timely objection that requires evidence to resolve, "a hearing shall be held in the manner provided by section 454.475.  If no timely written response and request for hearing is received by the appropriate division office, the director may enter an order in accordance with the [NFFR.]"  § 454.470.4.

This process of allowing the state to recover assistance payments from absent parents was enacted in response to, and in compliance with, federal legislation tying the existence of such procedures to continued funding for various federal programs.  *See* 42 U.S.C. §§ 651–669b (2012).  *See also Blessing v. Freestone*, 520 U.S. 329, 345 (1997) ("Title IV-D generally requires each participating State to establish a separate child support enforcement unit 'which meets such staffing and organizational requirements as the Secretary may by regulation prescribe.'") (quoting 42 U.S.C. § 654(3)).  One of the federal requirements for state child support enforcement schemes is that the state must not only provide enforcement services for children receiving state assistance, but it must

---

[2]   In addition, if the child's custodian has applied for state assistance under the Temporary Assistance for Needy Families ("TANF") program, the application itself "shall constitute an assignment of support rights which shall take effect, by operation of law[.]"  § 208.040.2(2), RSMO Supp. 2014.   *See also* § 454.410 ("Support rights assigned to the state shall constitute an obligation owed to the state by the person responsible for providing such support").  If the

also provide the same level of services to "***any other child,*** if an individual applies for such services with respect to the child." 42 U.S.C. § 654(4)(A)(11) (emphasis added).

Missouri complies with this requirement through section 454.425, which provides that FSD "shall render child support services authorized pursuant to this chapter to persons who are not recipients of public assistance as well as to such recipients." Accordingly, FSD is authorized "[t]o provide services relating to ... the establishment, modification and enforcement of child support obligations" when the absent parent owes a state debt. § 454.400.2(14). But FSD also is authorized – indeed, required – to provide these same services to any custodian requesting such services even though there is no state debt and no part of the support payments will go to the state. § 454.425.

Father never owed a state debt for the child in this case because neither Mother nor the child ever applied for or received "public assistance." As a result, not only did FSD not initiate this agency proceeding on its own accord pursuant to section 454.470, it could not have done so. FSD had no authority to do anything until Mother applied for child support enforcement services pursuant to section 454.425. Then, FSD acted as the statutes required it to act. After collecting the relevant financial information from both parents, FSD issued a NFFR stating the proposed rights and obligations of the parties. The NFFR properly identified Mother as the "Petitioner" and Father as the "Respondent." Not only was FSD not a party, but it was the adjudicator.

---

child's custodian receives a support payment from a parent owing a state debt after this assignment, the custodian must remit the payment to FSD.

Under the proposed terms in the NFFR, Father would be obligated to enroll the child in his employer's health insurance plan and pay Mother $558 per month for the child's support. Father disagreed with the amount of the proposed support obligation and, pursuant to section 454.470, requested a hearing. Before that hearing, Father offered to pay Mother $500 per month in support. Mother refused that offer, however, and the administrative hearing was held before the FSD hearing officer. Based on the evidence submitted at this hearing, FSD entered an order requiring Father to enroll the child in his employer's health insurance plan and pay Mother $357 per month in child support. Mother disagreed with the calculation of Father's monthly support obligation and filed a petition for judicial review of the FSD support order.

Before Mother's petition for judicial review could be heard, Mother and Father reached an agreement. They stipulated that Father's support obligation would be $500 per month, that Mother would be obligated to enroll the child in health insurance through her employer, and that both parties would pay their own court costs and attorney fees. Mother and Father also agreed to have the trial court enter a support judgment on the basis of their stipulation. They agreed this judgment would only take effect prospectively, however. Because the judgment would not change the administrative order *ab initio*, Mother and Father agreed that Father would not owe any support arrearage. On February 27, 2012, the trial court granted the parties' request and entered judgment on the basis of the parties' stipulation. The new terms became effective March 1, 2012. Because the new judgment made the validity of the superseded administrative order moot, the trial court dismissed Mother's petition for judicial review.

5

After the trial court entered the new support judgment and dismissed Mother's petition for judicial review, Mother filed an application for attorney fees under section 536.087. Her application claims she "prevailed" when the trial court superseded the FSD order with a new (and more favorable) judgment and, because the administrative order was not substantially justified, demanded that FSD pay her attorney fees. The trial court dismissed Mother's application for attorney fees, finding that she did not prevail on her petition for judicial review because it (and the FSD order it challenged) became moot when the parties agreed to – and the trial court entered – a superseding judgment. Mother timely appealed this judgment.

## Standard of Review

When a party applies for an award of attorney fees under section 536.087, the trial court's (or administrative agency's) disposition of that application will be affirmed unless it "was arbitrary and capricious, was unreasonable, was unsupported by competent and substantial evidence, or was made contrary to law or in excess of the [trial] court's … jurisdiction." § 536.087.7. Though the Court ordinarily will defer to findings of fact based on the credibility of witnesses, the Court will review *de novo* any questions of law raised by the application, including questions as to statutory interpretations. *Stone v. Missouri Dep't of Health & Senior Servs.*, 350 S.W.3d 14, 20 (Mo. banc 2011).

## Analysis

Under the "American rule," orders requiring one party to pay another party's attorney fees or other expenses ordinarily are not permitted unless the parties' contract or a statute authorizes the court to make such an award. *Berry v. Volkswagen Grp. of Am.,*

6

*Inc.*, 397 S.W.3d 425, 431 (Mo. banc 2013); *Essex Contracting, Inc. v. Jefferson Cnty.*, 277 S.W.3d 647, 657 (Mo. banc 2009). Even when a statute allows a court to award attorney fees, the doctrine of sovereign immunity prohibits Missouri courts from ordering the state to do so unless the legislature specifically waives that immunity. *Richardson v. State Highway & Transp. Comm'n*, 863 S.W.2d 876, 882 (Mo. banc 1993). Section 536.087 provides such a waiver under specified circumstances, and such waivers are to be strictly construed. *Id.*

Section 536.087 waives sovereign immunity only "for ***unjustified positions*** by state agencies in contested administrative cases." *Id.* (emphasis added). It provides:

> A party who ***prevails*** in an ***agency proceeding*** or civil action arising therefrom, ***brought by or against the state***, shall be awarded those reasonable fees and expenses incurred by that party in the civil action or agency proceeding, unless the court or agency finds that the ***position of the state*** was substantially justified or that special circumstances make an award unjust.

§ 536.087.1 (emphasis added). Accordingly, a court (or agency) may order a state agency to pay a non-governmental party's attorney fees only if the applicant shows: (1) that the applicant and the state agency were adversarial parties in an "agency proceeding" brought by or against the state; (2) that the state agency asserted an erroneous position in that "agency proceeding;" and (3) that the non-governmental party prevailed against the agency's position, either in the agency proceeding or in a civil action arising from it.[3] Mother's application failed to establish these elements.

---

[3] The applicant must also allege that the state's position was not substantially justified. § 536.087.3. Once the applicant establishes the first three elements, however, the burden of persuasion shifts to the state to demonstrate that its position was substantially justified.

7

### 1.    The "agency proceeding" here was not brought by or against FSD

FSD had no authority to insert itself into the issue of Mother's and Father's rights and obligations concerning the support of their child until Mother requested FSD to provide child support enforcement services to her under section 454.425. As required by statute, FSD issued a NFFR and – when Father objected – FSD held a hearing and received evidence before issuing its decision and order. The agency proceeding was between Mother and Father. FSD was not a party, it was the adjudicator.

Mother does not contend that FSD was a party to the agency proceeding itself. Instead, she contends that FSD was a party to her petition for judicial review and that this petition was "a civil action arising out of" the agency proceeding. According to Mother, this is sufficient to make FSD liable for her attorney fees under section 536.087. Mother's reading of section 536.087 is incorrect.

There is ample evidence that the legislature intended for section 536.087 to apply only if the state is a *party* to the "agency proceeding." First, the definition of "agency proceeding" specifically requires that it be "an adversary proceeding in a contested case pursuant to this chapter in which the *state is represented by counsel*." § 536.085(1) (emphasis added). Parties can be "represented by counsel," not adjudicators.[4] Second,

---

*Greenbriar Hills Country Club v. Dir. of Revenue*, 47 S.W.3d 346, 354 (Mo. banc 2001). The question of substantial justification does not arise in this case because Mother's application fails to establish the three threshold elements.

[4]  Mother cites *Washington v. Jones,* 154 S.W.3d 346, 349 (Mo. App. 2004) (citing *Div. of Child Sup. Enf. v. Grimes,* 998 S.W.2d 807, 810 (Mo. App. 1999), in support of her argument that the definition in section 536.085(1) was met in this case because counsel appeared on behalf of FSD in the circuit court after she named FSD one of the respondents to her petition for judicial review. This argument fails, however, because the plain of language of section 536.085(1)

the purpose of section 536.087 is to encourage state agencies to ensure that the positions they take in agency proceedings are substantially justified. Only parties, however, can take "positions." If section 536.087 had been intended to apply to every agency decision, it would have used the word "decisions" and not "positions." Finally, the statute provides that the "fact that the state has ***lost the agency proceeding*** or civil action creates no legal presumption that its position was not substantially justified." § 536.087.3 (emphasis added). The state cannot have "lost the agency proceeding" unless it was a party to the agency proceeding.

Accordingly, Mother's application fails to establish a valid claim for attorney fees under section 536.087 because she fails to establish that both she and FSD were adversarial parties in an "agency proceeding."

### 2. *The FSD administrative support order was not a "position"*

Mother contends that she is entitled to have FSD pay her attorney fees because the administrative support order entered by FSD was a "position" that lacked substantial justification. This is incorrect. An administrative decision rendered in the role of adjudicator does not constitute a "position" as that term is used throughout section 536.087. The purpose of this attorney fees provision is not to ensure the accuracy of the decisions rendered by administrative tribunals. That purpose is served by the constitutional requirement that administrative decisions be subject to judicial review. *See* Mo. Const. art. V, § 18.

---

requires that the state be represented "in a contested case pursuant to this chapter," not in a subsequent judicial review proceeding.

Instead, the purpose of section 536.087 is to police the positions asserted against non-governmental parties in agency proceedings to ensure that "during such agency proceeding the position of the state was substantially justified[.]" § 536.087.2. A *decision* by an administrative official acting as the adjudicator in a contested case is not the same as – and cannot constitute – a *position* asserted "during such agency proceeding" by an attorney representing the state agency. The Missouri Constitution protects private parties from errors by the former by guaranteeing judicial review. The purpose of section 536.087 is to protect such parties from overreaching by the latter by requiring the agency to pay the non-governmental party's attorney fees when the agency's position is not substantially justified.[5]

Accordingly, Mother's attorney fee application fails because the "position" she challenges is not an agency "position;" it is an agency decision. Section 536.087 applies to the former, but not the latter. *Cf In re StephenC. Perry,* 882 F.2d 534, 540 (1st Cir. 1989) (construing the federal attorney fees statute on which section 536.087 is based and

---

[5] In *Greenbriar Hills*, this Court stated that the purpose of section 536.087 is "to require agencies to carefully scrutinize agency and court proceedings and to increase accountability of the administrative agencies." *Greenbriar Hills,* 47 S.W.3d at 358. Mother contends that this means section 536.087 can be used to make FSD – as the adjudicator in an administrative contested case – pay her attorney fees because FSD's decision was altered by agreement on judicial review. Mother's argument is refuted by the caption of the Court's opinion in that case. In *Greenbriar Hills*, even though it was the Administrative Hearing Commission's decision which this Court had earlier reversed, the Court ordered the taxpayer's fees and expenses to be paid by the Director of Revenue – not the AHC – because it was the Director's position, as a party to the agency proceeding, that was not substantially justified. *Id*. at 349-50. *See Geriatric Nursing Facility, Inc. v. Dept. of Soc. Svcs.*, 693 S.W.2d 206, 209 (Mo. App. 1985) (AHC is "simply a hearing officer who exercises the same role as any administrative hearing officer authorized to hear contested cases within an agency").

10

holding that an administrative adjudicator cannot be liable for attorney fees even if its decision is incorrect).

### 3. *Mother did not "prevail against" FSD*

Section 536.087 only applies if a private party prevails against a position taken by the state as a party in an agency proceeding. When an agency participates in the proceeding solely as the adjudicator, it is not a "party" and its decision is not a "position." Accordingly, Mother's application for attorney fees fails to meet either of these elements. Even if she could have satisfied these elements, however, Mother's application still fails to show that she "prevailed against" FSD.

Section 563.087 only requires the state to pay a private party's attorney fees when that "party … prevails in an agency proceeding or civil action arising therefrom[.]" The term "prevails" is defined to mean that the applicant "obtains a favorable order, decision, judgment, or dismissal in a civil action or agency proceeding." § 536.085(3). In order for a dismissal to be a "favorable … dismissal," the private party has to succeed in having all or part of the state's claim dismissed, either at the agency level or in a civil action arising out of the agency proceeding. Even if Mother's application met the other requirements of section 536.087, it fails to show that she "prevailed" because it was Mother's claim (i.e., her petition for judicial review) that was dismissed.

Mother contends that, even though her petition for judicial review was dismissed, she nevertheless "prevailed" against FSD because the dismissal resulted from a favorable settlement. Mother's argument fails because the favorable settlement she obtained was not at the expense of – in fact, it had nothing to do with – FSD. The agreement between

11

Mother and Father concerned only their rights and obligations, not the rights and obligations of FSD. By the same token, the superseding judgment that the trial court entered at the request of Mother and Father – like the administrative order entered by FSD – addressed only the rights and obligations of Mother and Father, not those of FSD. Accordingly, if Mother obtained a favorable settlement in this case, she obtained it from Father, not FSD.

It should be noted that, even though the elements of section 536.087 constitute separate and independent requirements that every applicant must meet before the state will be required to pay her attorney fees, the reasons Mother's application cannot satisfy any of these three elements are related. Her dispute was with Father, her settlement was with Father, and both the administrative order and the superseding judgment concerned only her rights and obligations and those of Father. But, rather than bring a paternity, custody and support action against Father on her own in circuit court, Mother pursued an administrative remedy and requested that FSD assist her. But even though it was with FSD's assistance, Mother initiated this agency proceeding; it was solely between her and Father. FSD was not a party, and it did not represent Mother. Not only did FSD have no interest (direct or indirect) in the outcome of Mother's claim, it was required by law to *decide* that claim (subject only to judicial review).

The administrative support order FSD entered established only the rights and obligations of Mother and Father. It did not benefit or harm FSD. When Mother sought judicial review of FSD's administrative support order, FSD had nothing to gain or lose from that review. FSD had no more interest in Mother's petition for judicial review than

12

a trial court has when a party appeals a final judgment. Mother's unilateral decision to name FSD (in addition to Father) as a respondent to her petition for judicial review did not give FSD an interest to advance or protect in that action.[6]

When Mother and Father negotiated to alter their respective rights and obligations from those established in the FSD order, FSD had no more interest to assert or protect in those negotiations than a trial court would have when parties settle a case on appeal. The settlement that resulted from these negotiations was between Mother and Father. It altered only their rights and obligations. This is why FSD's approval of the settlement was not required. Even if FSD's approval had been given, such approval would be

---

[6] Mother's right to petition for judicial review is governed by section 454.475.5, which provides that a "parent … adversely affected by such decision may obtain judicial review pursuant to sections 536.100 to 536.140, RSMo, by filing a petition for review in the circuit court of proper venue." Nothing in section 454.475.5 – or in sections 536.100 to 536.140, to which section 454.475.5 refers – requires Mother to name FSD as a respondent to her petition for judicial review. In fact, these statutes draw a sharp distinction between the agency which authored the decision under review and the "parties" who were before that agency at the administrative level. *See* § 536.110.2 (summons shall not issue, but "copies of the petition shall be delivered to the agency ***and to each party of record in the proceedings before the agency***") (emphasis added); 536.130.1(2) (administrative record may consist of a "statement of the case, agreed to by ***all parties and approved as correct by the agency***") (emphasis added); § 536.130.3 (if any "***party*** fails or refuses to agree to the correctness of a record, the ***agency*** shall decide as to its correctness"). *See also* Rule 100.02 (when an aggrieved party appeals a judgment entered on a petition for judicial review, the "party filing the petition for review or notice of appeal shall be known as the appellant and the adverse ***party*** as the respondent" (emphasis added). The authority of the court to affirm, reverse, or modify the agency's decision – or to order the agency to reconsider that decision and/or take any other action the court deems proper – comes from section 536.140.5 and article V, section 18, of the Missouri Constitution. It does not depend on whether the petitioner names the agency as a "party" in its petition for judicial review. *See Geriatric Nursing Facility*, 693 S.W.2d at 209 (the administrative adjudicator in a contested case "has no role as a 'party'" during judicial review because it "is the agency and outside party who contend for their respective positions. From the decision, either the agency or the affected party may appeal, and the [administrative adjudicator] has no part in that review").

13

gratuitous because the settlement did not affect FSD or the legal relationship between that agency and Mother or Father.

If Mother's interpretation of section 536.087 prevailed here, FSD would be liable for attorney fees every time an administrative child support order is not affirmed in every respect on judicial review. But FSD's exposure would not be limited to cases in which the courts determined that FSD's administrative order was incorrect. Under Mother's construction, FSD would be required to pay attorney fees every time the parents agree to alter the administrative order during judicial review. In fact, FSD could even be liable to ***both parents*** for their attorney fees if their settlement gave each of them some relief from the FSD order (e.g., by decreasing a father's support obligation but shifting his obligation to provide health insurance to the mother).

Accordingly, for the reasons set forth in this opinion, the Court rejects Mother's construction and holds that attorney fees are properly awarded under section 536.087 only if the non-governmental applicant shows that she and a state agency were adversarial parties in an agency proceeding brought by or against the state, that the state agency asserted an erroneous position in this agency proceeding, that the applicant prevailed against the agency's position (either in the agency proceeding or in a civil action arising from it), and that the state agency fails to show that its position was substantially justified.

14

**Conclusion**

For the reasons set forth above, the trial court's judgment dismissing Mother's attorney fee application under section 536.087 is affirmed.[7]

 

_____
Paul C. Wilson, Judge

Russell, C.J., Breckenridge, Fischer, Stith, and
Draper, JJ., concur; Teitelman, J., dissents in
separate opinion filed.

---

[7] Mother moved to strike portions of the state's brief (or, in the alternative, for leave to file an amended or supplemental brief) on the ground that the state violated Rule 83.08 by making arguments in this Court that it did not make in the court of appeals. This motion is denied. The word "claim" in Rule 83.03 is synonymous with the phrase "claim of reversible error" in Rule 84.04(d). Under Rule 84.04, this Court only reviews matters properly asserted in the appellant's points relied on. When this Court grants transfer of an appeal after briefing in the court of appeals, Rule 83.03 prohibits the appellant from asserting claims of reversible error in this Court that were not asserted in the court of appeals. A respondent, on the other hand, is "entitled to advance any argument here in support of the judgment." *Rouner v. Wise*, 446 S.W.3d 242, 249, (Mo. banc 2014) (quotation marks omitted). *See also* Rule 84.04(f) (respondent may raise "additional arguments in support of the judgment that are not raised by the [appellant's] points relied on").



# SUPREME COURT OF MISSOURI
## en banc

MEAGAN GARLAND,                              )
                                             )
                    Appellant,               )
                                             )
v.                                           )      No. SC94230
                                             )
JEFFREY RUHL,                                )
                                             )
                    Respondent,              )
                                             )
STATE OF MISSOURI,                           )
DEPARTMENT OF SOCIAL SERVICES,               )
FAMILY SUPPORT DIVISION,                     )
                                             )
                    Respondent.              )

DISSENTING OPINION

I respectfully dissent. Section 536.087.1 provides that the prevailing party in "an agency proceeding or civil action arising therefrom, brought by or against the State, shall be" awarded attorney fees. The principal opinion holds that Mother is not entitled to attorney fees because the underlying agency proceeding was a child support dispute between Mother and Father and, as such, was not brought "by or against" FSD. While FSD may not have been a party to the underlying agency proceeding, FSD is a party to Mother's petition for judicial review of the FSD child support order. Further, Mother's

petition for review was necessitated by FSD's award of insufficient child support. Consequently, FSD is a party to the civil action arising from the underlying agency proceeding and should be liable for attorney fees if Mother can demonstrate that she is a prevailing party and that FSD's position was not substantially justified.

In the civil action for review of the FSD child support order, FSD took the position that its child support order was justified. Prior to judicial resolution of this issue, Mother and Father entered a settlement in which Father agreed to pay more child support than the amount ordered by FSD. The court approved the settlement. This Court has held that a party can prevail by obtaining a favorable settlement. *Greenbriar Hills Country Club, v. Dir. Of Revenue,* 47 S.W.3d 346, 353 (Mo. banc 2001). Mother's settlement for a more generous child support award means that she was a prevailing party within the meaning of section 536.087. For these reasons, I would reverse the trial court's decision dismissing Mother's claim for attorney fees and remand the case for further proceedings.

_____
RICHARD B. TEITELMAN, JUDGE