Patricia Breckenridge, Chief Justice
Karen Carpenter sought judicial review of the State Board of Nursing’s (Board) disciplinary order, which imposed discipline on her nursing license, including a three-year probationary period with numerous conditions and restrictions. The circuit court found that the Board’s disciplinary order was arbitrary, unreasonable, and éxcessive. The court reduced the probationary period to one year and eliminated almost all conditions and restrictions originally imposed by the Board. Ms. Carpenter then sought attorney’s fees under section 536.087.1,[1] which allows a “prevailing party” in an agency proceeding or civil action therefrom to collect attorney’s fees. *112 The circuit court rejected Ms. Carpenter’s request, finding that, because Ms. Carpenter was still subject to discipline, she was not a “prevailing party.”
Ms. Carpenter appeals, arguing that the circuit court erred in finding that she was not a “prevailing party” based on the broad definition of “prevails” found in section 536.085 and Missouri and federal court interpretations of the term. This Court agrees. While the circuit court found that Ms. Carpenter’s actions warranted some discipline, it also found that, as requested by Ms. Carpenter in her petition, the amount of discipline imposed was excessive, unreasonable, arbitrary, and capricious. Section 536.085(3) defines “prevails” broadly as “obtains a favorable order, decision, judgment, or dismissal in a civil action or agency proceeding[.j” The circuit court applied a much narrower definition and found that Ms. Carpenter did not prevail on the “significant issue” of whether her actions warranted discipline. Under the broad definition of “prevails” found in the statute, however, Ms. Carpenter “prevailed” when she successfully petitioned the circuit court to reduce the probationary period on her license from three years to one and to eliminate almost all of the conditions and restrictions imposed by the Board.
Nevertheless, the circuit court did not err in overruling Ms. Carpenter’s motion for attorney’s fees. Even though the Board acted in a dual capacity as both an advocate and an adjudicator at the disciplinary hearing, the attorney for the Board never took a position as to what discipline the Board should impose on Ms. Carpenter’s license. Rather, it was the Board, acting in its adjudicatory role, that decided to impose the probation conditions with which the circuit court later found fault. Accordingly, Ms. Carpenter is not entitled to attorney’s fees under section 536.087.1, and the circuit court’s judgment denying her fee application is affirmed.
Factual and Procedural Background
Karen Carpenter worked as a nurse at Fulton State Hospital until April 25, 2008, when she failed a drug screening and tested positive for “pain killers” for which she did not have a prescription. The hospital reported the incident to the Board the same day. On May 5, 2011, the Board filed a complaint with the Administrative Hearing Commission (AHC), seeking a finding that cause existed to discipline Ms. Carpenter’s license as a registered nurse. On September 13, 2012, the AHC issued its decision, finding that Ms. Carpenter violated the Nursing Practice Act, chapter 335 RSMo, by unlawfully possessing and testing positive for controlled substances.
In light of the findings by the AHC, the Board convened a hearing to determine what discipline should be imposed on Ms. Carpenter’s license. On December 17, 2012, the Board entered its disciplinary order that included a three-year probationary period. The disciplinary order included seven sections, with more than 30 restrictions and conditions, including:
• Ms. Carpenter shall provide a copy of this Board Order to any current employer and to any potential employer. Ms. Carpenter shall cause an evaluation from each and every employer to be completed for the Board at least quarterly.
• Ms. Carpenter may not serve on the administrative staff, as a member of the faculty or as a preceptor at any school of professional or practical nursing.
• Ms. Carpenter shall only work as a nurse where there is on-site supervision. Ms. Carpenter shall not work in a home health care, hospice, or durable medical equipment.
*113 • Ms. Carpenter shall not administer, possess, dispense or otherwise have access to controlled substances for the first twelve months of probation.
• Ms. Carpenter shall, within six weeks from the effective date of this agreement, undergo a thorough evaluation for chemical dependency performed by a licensed chemical dependency professional.
• Ms. Carpenter shall contract with the Board-approved third party administrative (TPA) to schedule random witnessed screening for alcohol and other drugs of abuse. The frequency and method of such screenings shall be at the Board’s discretion. The screenings may be conducted on urine, breath, blood or hair. The random screens shall be at the expense of Ms. Carpenter.
• Ms. Carpenter shall call the TPA each day of the week including weekends, holidays, and each day that Ms. Carpenter is on vacation, between the hours of 5:00 a.m. and 4:00 p.m. C.S.T. Failure to call the TPA every day shall constitute a violation of the terms of discipline.
• During the disciplinary period, Ms. Carpenter shall abstain completely from the use or consumption of alcohol in any form. The presence of any alcohol whatsoever in any biological sample obtained from Ms. Carpenter, regardless of the source, shall constitute a violation.
On January 15, 2013, Ms. Carpenter, through counsel, filed a petition for judicial review in the circuit court of the City of St. Louis. The petition alleged that (1) the AHC did not have authority to issue its decision because the Board’s complaint was not timely filed and (2) the terms and conditions specified in the Board’s disciplinary order were unreasonable, arbitrary, capricious, and an abuse of the Board’s discretion. Ms. Carpenter also requested a stay while the case was being litigated. The court granted a stay, noting Ms. Carpenter’s otherwise clean disciplinary record and the failure by the Board to show the risk of harm to the public if a stay was granted.
On September 26, 2014, the court issued its order reversing the Board’s disciplinary order and remanding the case to the Board to reconsider discipline. The court found that “the discipline imposed against [Ms. Carpenter’s] license is unreasonable under all the circumstances, and an abuse of discretion. More specifically, the Court finds the Board’s Discipline Order to be arbitrary and capricious.”
On October 24, 2014, Ms. Carpenter filed a motion seeking attorney’s fees under section 536.087.1, which allows “[a] party who prevails in an agency proceeding or civil action arising therefrom, brought by or against the state,” to be awarded reasonable fees and expenses incurred by that party in the civil action or agency proceeding. Although the court, in its September 26 order, remanded the case to the Board for a reconsideration of the terms of discipline, the Board requested that the court make that determination because the Board would not meet until March 2015.
On February 20, 2015, the court issued its final judgment, incorporating its previous order and vastly reducing the number and scope of the terms and conditions of Ms. Carpenter’s discipline from that imposed by the Board. The court, finding that the length and terms of the Board’s disciplinary order were excessive, arbitrary, and capricious, reduced the length of probation from three years to one and eliminated the majority of the conditions and restrictions in the Board’s original disciplinary order. Specifically, the revised *114 disciplinary order contained only one section labeled “General Requirements” with only nine restrictions and conditions, including:
• Ms. Carpenter shall meet with the Board or its professional staff at such times and places as required by the Board.
• Ms. Carpenter shall not violate the Nursing Practice Act.
• Ms. Carpenter shall inform the Board within ten days of any change of home address or home telephone number.
• Ms. Carpenter shall obey all federal, state and local laws, and all rules and regulations governing the practice of nursing in this state.
• Ms. Carpenter shall complete the continuing education classes specified in the Board’s original disciplinary order.
The court also held that Ms. Carpenter was not entitled to an award of attorney’s fees because she was not a “prevailing party” for purposes of sections 536.085(3) and 536.087.1. In so ruling, the court relied heavily on White v. Missouri Veterinary Medical Board, 906 S.W.2d 753, 755 (Mo. App. 1995), which held that, because the appellant did not prevail on the “significant issue” below, he was not entitled to attorney’s fees. The court reasoned that the “significant issue” in this case was whether Ms. Carpenter’s nursing license was subject to discipline and, “[w]hile the Court has reduced the overall scope of discipline being imposed against [Ms. Carpenter’s] license, the Court has ruled that discipline is warranted. [Ms. Carpenter] has not prevailed on that principal significant issue.” The court, therefore, found that Ms. Carpenter was not a “prevailing party” and was not entitled to attorney’s fees.
Ms. Carpenter appealed the circuit court’s overruling of her motion for attorney’s fees.[2] After an opinion by the court of appeals, this Court granted transfer. Mo. Const, art. V, sec. 10.
Standard of Review
Section 536.087.7 provides the level of review this Court will use when reviewing the denial of fees:
The reviewing or appellate court’s determination on any judicial review or appeal heard under this subsection shall be based solely on the record made before the agency or court below. The court may modify, reverse or reverse and remand the determination of fees and other expenses if the court finds that the award or failure to make an award of fees and other expenses, or the calculation of the amount of the award, ivas arbitrary and capricious, was unreasonable, was unsupported by competent and substantial evid&nce, or was made contrary to law or in excess of the court’s or agency’s jurisdiction.
(Emphasis added). “Though the Court ordinarily will defer to findings of fact based on the credibility of witnesses, the Court will review de novo any questions of law raised by the application, including questions as to statutory interpretations.” Garland v. Ruhl, 455 S.W.3d 442, 446 (Mo. banc 2015).
“Prevailing Party”
Generally, “orders requiring one party to pay another party’s attorney fees or other expenses ... are not permitted unless ... a statute authorizes the court to make such an award.” Id. at 446. Section 536.087.1 authorizes attorney’s fees to be awarded to:
*115 A party who prevails in an agency proceeding or civil action arising therefrom, brought by or against the state, shall be awarded those reasonable fees and expenses incurred by that party in the civil action or agency proceeding, unless the court or agency finds that the position of the state was substantially justified or that special circumstances make an award unjust.
Section 536.087 is modeled after a nearly identical provision of the Equal Access to Justice Act (“EAJA”)—specifically, 5 U.S.C. § 504. “[T]he intent of both [statutes] is to require agencies to carefully scrutinize agency and court proceedings and to increase the accountability of the administrative agencies.” Dishman v. Joseph, 14 S.W.3d 709, 716 (Mo. App. 2000). The rationale of the EAJA—and by association section 536.087—is “to encourage relatively impecunious private parties to challenge abusive or unreasonable government behavior by relieving such parties of the fear of incurring large litigation expenses.” White, 906 S.W.2d at 755 (citing United States v. 1,378.65 Acres of Land, 794 F.2d 1313, 1314-15 (8th Cir. 1986)).
Section 536.085(3) defines “prevails” as “obtains a favorable order, decision, judgment, or dismissal in a civil action or agency proceeding[.]” In its final judgment, the circuit court held that “the discipline imposed against [Ms. Carpenter’s] license is unreasonable under all the circumstances, and an abuse of discretion. More specifically, the Court finds the Board’s Discipline Order to be arbitrary and eapricious[.]” In so finding, the court reduced Ms. Carpenter’s probation from three years to one and eliminated almost all of the conditions and restrictions originally imposed in the Board’s disciplinary order. The circuit court, however, held that Ms. Carpenter was not a “prevailing party” and rejected her claim for attorney’s fees.
The court relied on White’s use of “the significant issue” language to hold that “[t]he significant issue in this case is [Ms. Carpenter’s] nursing license was subject to discipline. While the Court has reduced the overall scope of discipline being imposed against [her] license, the Court has ruled that discipline is warranted. [Ms. Carpenter] has not prevailed on that significant issue.” Therefore, the court found that Ms. Carpenter was not a prevailing party.
While the circuit court relied on “the significant issue” language in White, that language was not intended to limit the award of attorney’s fees to circumstances when a party has succeeded on the significant issue. Rather, White notes that the United States Supreme Court, in Texas State Teachers Ass’n v. Garland Independent School District, 489 U.S. 782, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989), held that a party is entitled to an attorney’s fee award of some kind when “the plaintiff has succeeded on ‘any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing the suit.’ ” 906 S.W.2d at 755 (quoting Garland, 489 U.S. at 791-92, 109 S.Ct. 1486) (emphasis added). Limiting a prevailing party’s recovery of attorney’s fees to success on only “the” significant issue would conflict with the plain language of section 536.085 and the interpretation of “prevailing party” by Missouri and federal courts. “The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute.” White, 906 S.W.2d at 755 (emphasis added).
Further confirmation that White was not requiring identification and success on a single, most significant issue in the proceeding is found in an examination of the facts and holdings of that case. In White, the Missouri Veterinary Medical Board *116 (Vet Board) filed an administrative complaint with the AHC alleging multiple charges of misconduct by Mr. White, a veterinarian. Id. at 754. After a hearing before the AHC, the Vet Board prevailed on most, but not all, of the charges, and the Vet Board revoked Mr. Wfiiite’s license. Id. Mr. White sought attorney’s fees for the fees incurred while defending against the charges that the Board did not prevail on. Id. The court rejected Mr. Wfiiite’s petition, noting first that “[tjhere is no dispute that partial awards are contemplated by the EAJA and the Missouri statutes” and that “[tjhere is also no dispute that a defendant who prevails in obtaining all relief sought in defense of a claim brought by the government may be entitled to an award for fees and expenses.” Id. at 756. “The question is whether the appellant, who prevailed on some allegations but ultimately lost in the underlying action, is entitled to a fee award for the issues on which he prevailed.” Id.
In resolving that issue, the court reviewed the underlying action wherein the AHC found that Mr. WTiite’s actions constituted misconduct, gross negligence, fraud, misrepresentation, dishonesty, and incompetency, and revoked his license. Id. On that record, the court held that, “[ajl-though the Board was not able to prove all of the factual allegations claimed as cause for discipline,” the Board proved that Mr. Wfiiite’s license was subject to discipline. Id. The court further found that “the legal relationship of the parties was altered in the manner sought by the Board and opposed by appellant. Appellant cannot be considered a ‘prevailing party' for the purposes of sections 536.085(3) and 536.087.1.” Id.
As noted previously, the circuit court’s narrow interpretation of the term “prevailing party” is also contrary to the meaning of that term articulated by the United States Supreme Court in Garland, 489 U.S. at 791-92, 109 S.Ct. 1486. Before the Supreme Court settled the split, some lower federal courts applied a “central issue” test to determine if a party had prevailed and, therefore, was entitled to attorney’s fees. Id. at 790, 109 S.Ct. 1486. The court rejected this test and held that “the seai-ch for the ‘central’ and ‘tangential’ issues in the lawsuit, or for the ‘primary,’ as opposed to the ‘secondary,’ relief sought ... distracts the district court from the primary purpose behind [the attorney’s fees statute] and is essentially unhelpful in defining the term ‘prevailing party.’ ” Id. at 791, 109 S.Ct. 1486. Instead, the Supreme Court held that “respect for ordinary language requires that a plaintiff receive at least some relief on the merits of his claim before he can be said to prevail.” Id. at 792, 109 S.Ct. 1486 (internal quotation omitted).
In Farrar v. Hobby, 506 U.S. 103, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992), the United States Supreme Court further clarified, in the context of interpreting a civil rights fee-shifting provision, what is necessary to qualify as a “prevailing party.” The Court held:
[Tjo qualify as a prevailing party, a ... plaintiff must obtain at least some relief on the merits of his claim. The plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought or comparable relief through a consent decree or settlement. Whatever relief the plaintiff secures must directly benefit him at the time of the judgment or settlement. Otherwise the judgment or settlement cannot be said to “affec[tj the behavior of the defendant toward the plaintiff.” Only under these circumstances can civil rights litigation effect “the material alteration of the legal relationship of the parties” and *117 thereby transform the plaintiff into a prevailing party. In short, a plaintiff “prevails” when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant’s behavior in a way that directly benefits the plaintiff.
Id. at 111-12, 113 S.Ct. 566 (citations omitted).
Applying this standard to the facts of this case, after the AHC found that Ms. Carpenter’s license was subject to discipline, the Board convened a hearing and imposed discipline on her license. Ms. Carpenter filed a petition for review in the circuit court challenging the terms and conditions of the Board’s discipline as unreasonable, arbitrary, capricious, and an abuse of its discretion. The circuit court found that “the duration of probation and the terms of probation substantially exceed that which is necessary to protect the public,” that it was “unreasonable under all circumstances, and an abuse of discretion,” and “the Board’s Discipline Order [is] arbitrary and capricious.” Unlike in White, Ms. Carpenter did prevail on the claim in her petition that the discipline imposed by the Board was unreasonable. She obtained a favorable judgment in a civil action that was a “material alteration of the legal relationship between the parties.” White, 906 S.W.3d at 755. Ms. Carpenter, therefore, was a “prevailing party” under section 537.085(3).
The Board’s Disciplinary Order Is Not a “Position” for Purposes of Section 536.087
Finding that Ms. Carpenter was a “prevailing party,” she is entitled to attorney’s fees at the circuit court level “unless the court or agency finds that the position of the state was substantially justified or that special circumstances make an award unjust.” Section 536.087.1. The circuit court never reached the “substantially justified” requirement because it incorrectly concluded that Ms. Carpenter was not a prevailing party.
The Board asserts that, even if Ms. Carpenter is found to be a prevailing party, she is not entitled to attorney’s fees because the Board’s disciplinary order does not constitute a “position” for purposes of section 536.087.1. More specifically, the Board contends that, although it took a “position”—that Ms. Carpenter’s license was subject to discipline—before the AHC, its role changed from an advocate to an adjudicator at the disciplinary hearing, in which it entered a “decision” as to the discipline to be imposed.
Last year, this Court in Garland, 455 S.W.3d at 448, distinguished between an administrative agency’s “position” and an administrative agency’s “decision” for purposes of awarding attorney’s fees pursuant to section 536.087.1. Garland involved an administrative child support order entered by the Family Support Division (Division) in an action between a mother and a father. Id. at 444. The mother sought judicial review of that order, but before the matter was decided, she and the father settled on terms more favorable for her than the terms in the Division’s order. Id. at 445. The circuit court entered an order based on the settlement terms and dismissed the petition as moot. Id. at 446. The mother then filed an application to have the Division pay her attorney’s fees under section 536.087. Id. In answering the question of whether the “position” taken by the state agency was substantially justified, this Court held that:
An administrative decision rendered in the role of adjudicator does not constitute a “position” as that term is used throughout section 536.087.... A decision by an administrative official acting as the adjudicator in a contested case is *118 not the same as—and cannot constitute—a position asserted “during such agency proceeding” by an attorney representing the state agency. The Missouri Constitution protects private parties from errors by the former by guaranteeing judicial review. The purpose of section 536.087 is to protect such parties from overreaching by the latter by requiring the agency to pay the non-governmental party’s attorney fees when the agency’s position is not substantially justified.
Id. at 448. Therefore, the “[mjother’s attorney fee application fails because the ‘position’ she challenges is not an agency ‘position;’ it is an agency decision. Section 536.087 applies to the former, but not the latter.” Id.
Although the Board characterizes its role at the disciplinary hearing as solely an adjudicator, a closer examination reveals that the Board acted in a dual capacity at the disciplinary proceedings. Section 536.087.1 provides for an award of attorney’s fees for the party who prevails “in an agency proceeding or civil action arising therefrom.” An “agency proceeding” is “an adversary proceeding in a contested case pursuant to this chapter[3] in which the state is represented by counsel.” Section 536.085(1). Here, the case before the Board was styled as “State Board of Nursing vs. Karen Carpenter,” and the Board was represented by counsel at the hearing. Counsel for the Board took an active role at the disciplinary hearing by presenting evidence, cross-examining witness, and making open and closing arguments to the Board. While the Board was also acting as the decision-maker, the disciplinary hearing was undoubtedly an agency proceeding at which the Board took on an adversarial role. It follows that the Board acted as both an adjudicator and an advocate at the disciplinary hearing.
Nevertheless, the record reflects that, in its adversarial role, the Board did not take a “position” as to the discipline that should be imposed on Ms. Carpenter’s license. At the hearing, counsel for the Board requested only that the Board “issue appropriate discipline in this particular case.” No other pleadings or filings in the record indicate that the Board advocated for any particular discipline or the discipline that was subsequently imposed. Rather, the discipline was imposed as part of an administrative decision rendered by the Board in its role as an adjudicator in a contested case.[4] Because the discipline imposed was a decision made by the Board and not advocated for by the Board at the disciplinary hearing,[5] it cannot constitute a *119 “position” for purposes of section 536.087.1.[6]
Accordingly, because section 536.087.1 does not apply to the Board’s disciplinary order, Ms. Carpenter was not entitled to attorney’s fees. This Court will affirm a trial court’s judgment “if cognizable under any theory, regardless of whether the reasons advanced by the [circuit] court are wrong or not sufficient.” Rouner v. Wise, 446 S.W.3d 242, 249 (Mo. banc 2014). This Court is “primarily concerned with the correctness of the [circuit] court’s result, not the route taken by the [circuit] court to reach that result.” Id. (internal quotation omitted). Therefore, despite the fact that the circuit court erroneously determined that Ms. Carpenter was not a prevailing party, it did not err in overruling Ms. Carpenter motion for attorney’s fees pursuant to section 536.087.1.
Conclusion
Ms. Carpenter was a “prevailing party” under the language of sections 536.087 and 536.085 because she prevailed on her claim before the circuit court that the Board’s disciplinary order was unreasonable, arbitrary and capricious. Ms. Carpenter, however, is not entitled to attorney’s fees under section 536.087.1 because the Board did not take a position as to the discipline to be imposed on Ms. Carpenter’s license. The judgment of the circuit court is affirmed.
Fischer, Stith, Wilson and Russell, JJ., concur; Draper, J., dissents in separate opinion filed.

. Unless otherwise noted, all statutory citations are to RSMo 2000,

. Neither Ms. Carpenter nor the Board appeals from the circuit court’s judgment that the Board’s discipline was unreasonable or the reduction of discipline.

. A "contested case” is "a proceeding before an agency in which legal rights, duties or privileges of specific parties are required by law to be determined after hearing[.]” Section 536.010(4), RSMo Supp. 2004. Section 621.110 requires an agency to "set the matter for hearing upon the issue of appropriate disciplinary action” upon a finding by the AHC that an individual's license is subject to discipline. Accordingly, disciplinary proceedings before the Board are contested cases.

. The dissenting opinion contends that, by concluding the discipline imposed was a decision rendered by the Board in its adjudicative capacity, the statutory right to recover attorney’s fees against overreaching agencies will "practically become a thing of the past.” As this Court explained in Garland, however:
An administrative decision rendered in the role of adjudicator does not constitute a "position” as that term is used throughout section 536.087. The purpose of [section 536.087] is not to ensure the accuracy of the decisions rendered by administrative tribunals. That purpose is served by the constitutional requirement that administrative decisions be subject to judicial review.
455 S.W.3d at 448.

.When Ms. Carpenter sought judicial review of the Board’s disciplinary order, the Board took the position before the circuit court that *119 the discipline imposed was reasonable and appropriate. This Court’s recent opinion in Missouri Real Estate Appraisers Commission v. Funk, 492 S.W.3d 586, 596-97 (Mo. banc 2016), however, makes clear that it is the position taken in the agency proceeding, not on judicial review, that is reviewed for purposes of an award of attorney’s fees pursuant to section 536.087.

. The dissenting opinion asserts that Ms. Carpenter is entitled to attorney's fees because the Board took a "position” by advocating that discipline be imposed on Ms. Carpenter’s nursing license. Even if the Board took a "position’,’ for purposes of section 536.087 by seeking discipline of Ms. Carpenter’s license, Ms. Carpenter is entitled to attorney’s fees only if the agency's position was not "substantially justified.” See section 536.087.1. The dissenting, opinion fails to explain how the position that Ms. Carpenter's license should be disciplined was not substantially justified under the facts and circumstances of this case. -